IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Travis Leon Davidson, No. 17151-171, )
) Civil Action No.: 4:11-cv-01072-RBH
Plaintiff, )
)
v. ) **ORDER**
)
Robert Ratliff; Nicole Mace, and Wesley )
Robinson, )
)
Defendants. )
_____)

This matter comes before the Court to determine whether Plaintiff is entitled to the benefit of Federal Rule of Appellate Procedure 4(a)(6) to reopen the time to file an appeal. As discussed below, it is the determination and finding of this Court that Plaintiff is not entitled to the benefit afforded under Rule 4(a)(6).

## **Background**

On July 22, 2011, this Court dismissed the above-captioned case without issuance and service of process. Although this judgment was mailed to Plaintiff that same day, it was returned as undeliverable on July 27, 2011. Just over three months later, on October 31, 2011, Plaintiff sent this Court a change-of-address notification. That same day, the clerk forwarded a copy of the July 22, 2011, judgment. On November 7, 2011, Plaintiff filed a notice of appeal.

On March 1, 2012, the U.S. Court of Appeals for the Fourth Circuit remanded the above-captioned case to this Court. *See Davidson v. Ratliff, et al.*, No. 11-7499. Although the Fourth Circuit held that the notice of appeal was untimely, it remanded the case for the "limited purpose" of determining whether Plaintiff is entitled to the benefit of Federal Rule of Appellate Procedure 4(a)(6) to reopen his time to file an appeal.

On March 2, 2012, this Court gave the *pro se* Plaintiff 30 days to submit any briefs or additional evidence for the limited purpose of explaining (1) why Plaintiff waited until

October 31, 2011, to file a change of address with this Court, and (2) why this Court should use its discretion to reopen Plaintiff's appeal period pursuant to Federal Rule of Appellate Procedure 4(a)(6). [Doc. # 40.] In response to this Court's order, Plaintiff filed a Motion[1] to Appoint Counsel [Doc. # 43], a Motion to Reopen the Case [Doc. # 44], and a Supplement to the Motion to Reopen the Case [Doc. #45]. In these filings, Plaintiff claims he has been routinely in transit and was unable to obtain the address of the Clerk of Court. [Doc. # 44, 45.]

## **Applicable Law**

Under Rule 4(a)(6), a district court may reopen the appeal period for fourteen days if it finds that: (1) a party entitled to notice of entry of judgment did not receive notice within twenty-one days after judgment, (2) the party moved to reopen the appeal period either within 180 days of judgment or within fourteen days of receiving notice of the judgment, and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6); *see also McCauley v. Riley*, Nos. 11–6947, 11–7203, 2011 WL 6425700 (4th Cir. Dec. 22, 2011).

However, "Rule 4(a)(6) is permissive, and allows a district court to deny a motion arising under that rule even if the movant meets the rule's three requirements." *McCauley*, 2011 WL 6425700, at *1 (citing *Benavides v. Bureau of Prisons*, 79 F.3d 1211, 1214 (D.C. Cir.1996); *In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992)). For example, in *McCauley*, the Fourth Circuit affirmed a district court's refusal to reopen the appeal period when the movant "would have received timely notice of the district court's judgment if he had properly apprised the Clerk of his change of address." *Id*.

---

[1] Plaintiff's case is pending before the Fourth Circuit Court of Appeals. *See Davidson v. Ratliff, et al.*, No. 11-7499. The Fourth Circuit remanded this case for the "limited purpose" of determining the issues relating to the appeals period. Therefore, the Court lacks jurisdiction to consider any other issues. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

**Discussion**

It appears that Plaintiff meets the three initial requirements of Rule 4(a)(6), as he moved to reopen the appeal period within 180 days of judgment, he is currently the only party to the case, and due to his failure to keep the Clerk of Court apprised of his address, he did not receive notice of entry of judgment within twenty-one days after judgment.

However, this does not end the Court's inquiry. On June 3, 2011, Plaintiff was ordered in writing to keep the Clerk of Court advised of his address. [Doc. #14, at 2–3.] Magistrate Judge Hodges specifically ordered Plaintiff that

> if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.**

[*Id.* (emphasis in original).] Plaintiff initially heeded this instruction, as within approximately ten days from the date of the order, he notified the Clerk of his new address. [Doc. #19.]

Much like the movant in *McCauley*, Plaintiff would have received timely notice had he continued to follow the Court's instructions and "properly apprised the Clerk of his change of address." *McCauley*, 2011 WL 6425700, at *1. Plaintiff stated in his "Motion Submitting Additional Information" that "I [have] been in transit . . . going . . . to Atlanta holdover center to come to Virginia . . . [and] I did not have access to the addresses to the Court and was not able to write the Court . . . ." [Doc. # 44.] Plaintiff's arguments relating to transit and an inability to obtain the Clerk of Court's address do not offer a reasonable or credible explanation for failing to follow the Court's explicit order.

Plaintiff previously obtained an extension to file objections in this case on the basis of being in transit or "holdover in Atlanta," and he has filed other documents during the transportation process, evidencing an ability to file while in transit. [*See, e.g.*, Docs. # 18, 44.]

3

Moreover, Plaintiff's claim that he could not obtain the address of the Clerk of Court is unavailing. Prior to the July 22, 2011, dismissal of this case, Plaintiff plainly knew, or had access to, the Clerk of Court's address, as he had already filed a change of address and several other documents with the Clerk's office. This Court will not allow Plaintiff to benefit from his own failure. Accordingly, given the permissive nature of Rule 4(a)(6), this Court determines that Plaintiff should not be allowed additional time to file an appeal.

### **Conclusion**

In accordance with the Fourth Circuit's instructions, and after reviewing the record and the briefs submitted by Plaintiff, it is the determination and finding of this Court that Plaintiff Travis Leon Davidson is not entitled to the benefit of Rule 4(a)(6) to reopen the time to file an appeal.

**IT IS THEREFORE ORDERED** that the record in the case, as supplemented, be returned to the U.S. Court of Appeals for the Fourth Circuit pursuant to its March 1, 2011, order in Case No. 11-7499.

**IT IS FURTHER ORDERED** that any pending motions are DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**

        s/ R. Bryan Harwell
        R. Bryan Harwell
        United States District Judge

Florence, South Carolina
April 19, 2012